

**SIGNED this 08th day of February, 2008.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| REX AVERY WILSON AND | § | CASE NO. 04-13313-CAG |
| D'ANNE WILSON, | § | |
| Debtors. | § | Chapter 13 |

**MEMORANDUM DECISION AND ORDER REGARDING
DEBTORS' APPLICATION FOR APPROVAL OF SALE OF REAL PROPERTY AND
REQUIRING DEBTORS TO FILE A MOTION TO MODIFY PLAN**

The Court held a hearing on December 12, 2007 on the Debtors' Application for Approval of Sale of Real Property filed December 3, 2007 (Doc. No. 26). At that hearing, the Court allowed the sale of the subject property to Timothy Montgomery pursuant to a contract of sale and ordered the amount of $7,400 of sales proceeds to be paid to the Chapter 13 Trustee. See Order Approving Sale of Real Property filed Dec. 12, 2007 (Doc. No. 32). As part of its ruling, the Court ordered that $7,400, the amount remaining owed on their plan, be held in trust by the Trustee until the Court issued a further decision regarding the procedural method for the Debtors to complete their plan. Specifically, the Court took under advisement whether the Debtors must file a motion to modify their confirmed chapter 13 plan to shorten the duration of their confirmed plan and allow for the $7,400 to be distributed to creditors, entitling Debtors to receive a discharge and their case to be closed. Alternatively, the Court considered whether no further action by the Debtors is needed to accomplish

these events. To assist the Court with this issue, the Debtors filed a post-trial brief on the issue on January 2, 2008 (Doc. No. 36), and the Trustee filed a responsive brief on January 17, 2008 (Doc. No. 37).

The Court has reviewed the briefs and the case law cited therein and has determined that there is no need to change prior practice in this division. The Court has determined that the Debtors must file a motion to modify their confirmed plan if they wish to change the amounts and timing of monetary distributions to creditors. The Court notes that the subject bankruptcy case was filed before the effective date of October 1, 2005 for the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 (BAPCPA) and limits its ruling to pre-BAPCPA cases.

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmation of plans) and § 157(b)(2)(O) (other proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship). The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014.

## FINDINGS OF FACT

1. Debtors filed their second bankruptcy case, this case, on June 24, 2004.

2. Their chapter 13 plan was confirmed and the order confirming the plan was entered February 24, 2005.

3. The plan requires the Debtors to pay to the Trustee $865 per month for 48 months for a total gross amount to be paid into the plan of $41,520.00 and provides a 12% dividend to unsecured creditors.

4. Debtors' motion to sell their exempt homestead property was set for hearing on an expedited basis on December 11, 2007.

5. An order was entered on December 12, 2007 (Doc. No. 32) that allowed the sale, approved the payment to the secured lienholder on the property of all amounts owed it including ad valorem taxes and other necessary fees, approved $700 in attorney's fees to the Debtors' attorney for handling this matter, and placed $7,400 with the Trustee, such amount being necessary for the Debtors to complete all payments due under their confirmed plan.

CONCLUSIONS OF LAW

Bankruptcy Code § 1329(a) provides that "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–(2) extend or reduce the time for such payments." Pursuant to § 1328(a), a debtor is to receive a discharge after completion of all payments due under the plan. As dictated by *United States v. Ron Pair Enterprises, Inc.*, "the task of resolving a dispute over the meaning of [a statutory provision] begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989).

The Debtors argue that, although there is no controlling opinion in the Fifth Circuit, it is generally accepted under Fifth Circuit law that debtors can pay off their plans early without need for advance notice to creditors by means of a motion to modify plan. The Debtors argue that the decisions of *In re Smith*, 237 B.R. 621 (Bankr. E.D. Tex. 1999), *aff'd,* 252 B.R. 107 (E.D. Tex. 2000), and *In re Meza*, 467 F.3d 874 (5th Cir. 2006), require that, upon the Debtors' tender of money to the Trustee sufficient to pay off their confirmed plan, the Bankruptcy Code dictates that it is too late to modify their plan under § 1329(a) and they are entitled to a discharge under § 1328(a).

The Trustee argues that requiring a debtor to file a motion to modify a plan to achieve an early pay off imposes a much lighter burden on that debtor than would be placed upon the trustee and creditors to determine the source of the funds that the debtor is using and the reason for the pay-off, with possible reasons being a debtor's attempt to hide an economic windfall or a more favorable economic situation that would result in demands for higher payments to be made to creditors. Although the source of the Debtors' $7,400 is known, such a situation may not always occur. Further, the filing of a motion to modify promotes transparency in a debtor's dealings, allows all parties to receive notice of the proposal, and provides authority for the Trustee to make larger and final disbursements to creditors.

Here, the Court has reviewed but declines to follow the decision in *Smith* because that decision was decided on a different factual basis than presented here: *Smith* dealt with a situation in which the debtor had made a final payment to the trustee, the trustee had disbursed the money to creditors and was seeking approval to issue the debtor a discharge, and then a creditor objected to

3

the procedure that had occurred.[1] This differs from the situation presented here.

As for the *Meza* decision, the Court declines to apply it broadly and agrees with the interpretation of *Meza* stated in *In re Zavala*, 366 B.R. 643, 648 & n.3 (Bankr. W.D. Tex. 2007). In *Zavala*, the bankruptcy court found that "*Meza's* only real holding is that a motion to modify is not time-barred if filed before a debtor tenders to the trustee payment in full of the balance owed under the plan. It does not answer whether such a motion would be barred if filed after that tender but before the trustee made all the payments to creditors under the plan . . .." *Id.* A review of *Meza* shows that it cited the bankruptcy decision in *Smith* only for the general provision that "'[Section] 1329(a) clearly requires that any request for a post-confirmation modification of a confirmed chapter 13 plan must be presented ... before the completion of payments under such plan.'" *Meza*, 467 F.3d at 879 (quoting *Smith*, 237 B.R. at 625 n.7 (internal quotation marks omitted)). *Meza* then immediately stated that *Smith's* rationale of allowing the debtor to receive her discharge after paying the amount due under the plan, without further action, was not applicable to the situation in *Meza*.[2] In *Smith*, the money was paid to the trustee and distributed to creditors prior to any argument that this was not the proper procedure, where in contrast, in *Meza*, the trustee filed a modification motion prior to the debtor's tendering the full payment owed under the plan and any disbursements were made to creditors. *See Meza*, 467 F.3d at 879. In the situation here, the money from the sale of Debtors' exempt property is being held in trust by the Chapter 13 Trustee pending this ruling, so there is time for a motion to modify to be filed prior to the Trustee making any disbursements.

Debtors also point to prior precedent in the Austin Division for allowing the money to be distributed without further court order. However, the Court has reviewed the bankruptcy cases referred to and finds they provide little guidance. In <u>Amos Michael Mayes</u>, Case Number 05-18220, the debtor was allowed to incur debt, secured by his home, and to pay an amount to the trustee

---

[1] The bankruptcy court's *Smith* decision was affirmed by the District Court and later by the Fifth Circuit. However, the Fifth Circuit's unpublished decision shows that the ruling is not precedent under Fifth Circuit Rule 47.5.4 except for that particular cases's purposes, such as to show "res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." *See Bayshore Nat'l Bank of La Porte v. Smith*, 252 F.3d 1357, 2001 WL 422945 (5th Cir. 2001).

[2] The bankruptcy court in *Smith* made the broad statement that "'[w]ithout providing advance notice to any party, a Chapter 13 debtor may tender all the payments due and owing under a confirmed plan on an accelerated basis and thereby create an entitlement to discharge.'" *Smith,* 237 B.R. at 626.

4

sufficient to pay off the confirmed chapter 13 plan balance, however, the agreed order entered in that case on the amended motion to incur debt did not direct the trustee to pay off the plan. *See* Agreed Order entered March 27, 2007 (Doc. No. 40). Although there may have been an agreement between the debtor's attorney and the trustee that the debtor did not need to file a motion to modify the plan for a final disbursement to creditors to occur, it is of no consequence because the case was summarily dismissed because the debtor failed to comply with the terms of the agreement.[3]

Debtors cite to a second case of <u>Daniel and Lela Falcon</u>, Case No. 04-16592. There, the debtors filed a motion to modify along with a motion to incur debt, and that the relief was approved by order entered March 27, 2007 (Doc. No. 55). The debtors were to obtain a home equity loan and pay a lump sum to the trustee sufficient to pay off their plan's remaining balance. However, nearly a year later, no such action appears to have occurred. In fact, on February 4, 2008, the trustee filed a motion to dismiss the case because the debtors are in material default in the amount of $4,355 on making required plan payments.

Debtors cite to a third case, <u>William Jack Ray</u>, Case No. 05-15748, in which the debtor was allowed to sell his homestead and any excess money after the payment of the lienholder and other required fees would be paid to the debtor. *See* Order entered March 21, 2007 (Doc. No. 30). At the court hearing, the Court noted that the debtor could determine whether he would file a motion to modify the plan to pay off his plan early, presumably using any excess homestead proceeds. *See* Debtors' Post-Trial Brief at 11-12 (citing transcript of Ray hearing). A review of this case's docket sheet shows that, nearly a year later, the debtor has not filed a motion to modify his plan.

Other cases cited by the Trustee require a motion to modify the plan prior to allowing the plan to be paid off early using a lump sum amount that represents the total of the remaining monthly amounts owed under the plan. *See* **In re Turek**, 346 B.R. 350, 360 (Bankr. M.D. Pa. 2006); **In re Keller**, 329 B.R. 697, 699-700 (Bankr. E.D. Cal. 2005); **In re Fridley**, __B.R. ___, 2007 WL 4625243, at *5 (B.A.P. 9th Dec. 18, 2007). This is the better practice to require the filing of a motion

---

[3] Specifically, the trustee filed a motion to dismiss the case because the debtor failed to tender the agreed balance of the plan to the trustee, and on agreement on the motion to dismiss, the trustee agreed to retain the case if the debtor would convert the case to a chapter 7. *See* Order entered September 5, 2007 (Doc. No. 49). Because the debtor failed convert the case, the case was summarily dismissed. *See* Order entered September 18, 2007 (Doc. No. 51).

5

to modify the confirmed plan. This procedure allows for a court order to be entered changing the length of the plan contract, giving authority to the trustee to disburse larger, one-time amounts to creditors, and affording interested parties to ascertain the motive of the debtor in seeking an early payoff. It is therefore

ORDERED that the Debtors must file a motion to modify their plan seeking approval to shorten their 48-month plan term and to pay lump sum amounts to creditors of money obtained from the sale of their exempt property and, therefore, enable the Debtors to receive a discharge. Debtors are free to not pursue this course of action and can continue to pay the required monthly payment due under the confirmed plan.

# # #